United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20241
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEDREK WAYNE UNDERWOOD,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-8-2
---------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jedrek W. Underwood was convicted by a jury of possession
with the intent to distribute cocaine base and conspiracy to
possess with the intent to distribute cocaine base.  The district
court sentenced Underwood to 240 months in prison to be followed
by 10 years of supervised release on each count, with the terms
to run concurrently.

Underwood argues that the district court erred in denying
his motion to suppress a statement that he asserts he did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

make to a Drug Enforcement Administration (DEA) agent.  Viewing the matter in the light most favorable to the Government, Underwood has not shown that the district court erred in denying the motion to suppress.  See United States v. Mendoza-Gonzalez, 318 F.3d 663, 666 (5th Cir.), cert. denied, 538 U.S. 1049 (2003).

For the first time on appeal, Underwood argues that the district court also erred in admitting his alleged statement because the statement was not recorded and was tantamount to a denial of the assistance of counsel.  Review is for plain error. See FED. R. CRIM. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Johnston, 127 F.3d 380, 392 (5th Cir. 1997).  Underwood concedes that this would be a new requirement and by doing so he cannot demonstrate clear or obvious error.

Underwood argues that the district court erred in denying his challenge to the jury venire, made pursuant to Batson v. Kentucky, 476 U.S. 79 (1986).  The district court ordered the Government to provide race-neutral justifications for the strikes.  See United States v. Williams, 264 F.3d 561, 571 (5th Cir. 2001).  On appeal, Underwood has not suggested why the district court's decision to accept those race-neutral reasons is not entitled to deference.  See United States v. De La Rosa, 911 F.2d 985, 991 (5th Cir. 1990).

For the first time on appeal, Underwood argues that the Assistant U.S. Attorney (AUSA) engaged in misconduct during

trial.  Underwood asserts that the AUSA vouched for the credibility of DEA Special Agent Moore in opening and closing argument by stating that Moore had done a good job.  Underwood also asserts that the AUSA questioned him on cross-examination in a manner that would induce him to call Government witnesses liars.  As Underwood made no objection to any of these actions at trial, review is for plain error.  Johnston, 127 F.3d at 392.  Given the overwhelming evidence of his guilt and the limited nature of any prejudice arising from the AUSA actions, Underwood has not demonstrated plain error affecting his substantial rights.  See United States v. Ramirez-Velasquez, 322 F.3d 868, 875 (5th Cir.), cert. denied, 540 U.S. 840 (2003); United States v. Williams, 343 F.3d 423, 437 (5th Cir.), cert. denied, 124 S. Ct. 966 (2003).

Underwood makes the summary and conclusional argument that the evidence is insufficient to support his convictions.  Having reviewed the evidence presented at trial in the light most favorable to the verdict, the court finds that a rational trier of fact could have found that the evidence established the essential elements of Underwood's offenses beyond a reasonable doubt.  See United States v. Delgado, 256 F.3d 264, 274 (5th Cir. 2001); United States v. Puig-Infante, 19 F.3d 929, 936 (5th Cir. 1994).

AFFIRMED.